## Borough of Braddock v. Spatz

*Coleman Harrison*, for petitioner.
*William J. O'Donnell*, contra.

PATTERSON, J., February 8, 1943.—Plaintiff municipality filed three tax liens against defendant for delinquent water rents. The delinquent claims were for the years 1935, 1936, and 1937 and had not theretofore been filed. The date of filing was January 26, 1942. It appears, however, dehors the record, that defendant, Simon Spatz, died in 1929 and his widow, by deed dated January 5, 1941, and duly recorded, transferred the property to her children. A motion has been made to strike off the liens and is before us for disposition.

We are of the opinion that the motion must prevail. The claims for water rent had wholly lost their lien at the time the property affected by the lien was conveyed and the widow's grantees, even though they were her children, took by purchase and not by descent and, therefore, their title was unimpaired by any tax lien. Under the Act of July 28, 1941, P. L. 542, sec. 1, municipalities were given authority to revitalize lost liens by filing a suggestion of default within six months after the date of that statute. It seems to us too plain for argument, however, that the statute could not revitalize a lien that had been wholly lost against purchasers who acquired title at a time when no lien existed. It follows, therefore, that the claims for 1935 and 1936 were of no effect

against the properties in the hands of interim purchasers.

It is argued, however, that the claim for 1937 had not been lost at the date of the conveyance, but the answer to that is that the conveyance did not revive the tax lien for 1937, and, being subsequently lost, it could not be revived by virtue of a statute thereafter enacted. A later act of assembly could not serve to vitiate the warranty of the grantor's deed.

We are of the opinion, therefore, that the liens must be stricken from the record.